**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>RICHARD J. CAPOFERRI<br>　　　Debtor | Case No. 25-14200-djb |
| U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank N.A.,in its capacity as Trustee for registered holders of Home Equity Asset Trust 2004-8, Home Equity Pass-Through Certificates, Series 2004-8,<br>　　　Movant<br><br>vs.<br>RICHARD J. CAPOFERRI<br>　　　And<br>HEATHER F. CAPOFERRI,  (NON-FILING CO-DEBTOR)<br>　　　Respondents | Chapter 13<br><br><br><br><br>11 U.S.C. §362 and §1301 |

**ORDER**

　　　**AND NOW**, this _____ day of _____ , 2026, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

**Date: April 9, 2026**

_____
Derek J Baker
BANKRUPTCY JUDGE

RICHARD J. CAPOFERRI
401 HEMPSTEAD CIRCLE
NEWTOWN SQUARE, PA 19073

Robert H. Holber
41 East Front Street
Media, PA 19063

HEATHER F. CAPOFERRI
401 HEMPSTEAD CIRCLE
NEWTOWN SQUARE, PA 19073

KENNETH E WEST

190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106

United States Trustee
Office of United States Trustee
Robert N.C. Nix Federal Building 900 Market Street Suite 320
Philadelphia, PA 19107

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>RICHARD J. CAPOFERRI<br>    Debtor | Case No. 25-14200-djb |
| U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank N.A.,in its capacity as Trustee for registered holders of Home Equity Asset Trust 2004-8, Home Equity Pass-Through Certificates, Series 2004-8,<br>    Movant | Chapter 13 |
| vs.<br>RICHARD J. CAPOFERRI<br>    And<br>HEATHER F. CAPOFERRI, (NON-FILING CO-DEBTOR)<br>    Respondents | 11 U.S.C. §362 and §1301 |

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
### FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank N.A.,in its capacity as Trustee for registered holders of Home Equity Asset Trust 2004-8, Home Equity Pass-Through Certificates, Series 2004-8, and Robert H. Holber, Esquire, counsel for the Debtor, as follows:

1.    The Automatic Stay as provided by Section 362 and Section 1301 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.    This Stipulation pertains to the property located at 401 Hempstead Circle, Newtown Square, PA 19073, mortgage account ending with "1927".

3.    The parties agree that the total post-petition arrearage consists of five (5) monthly payments for the months of November, 2025 through March, 2026 at $2,188.67 each, legal fees in the amount of $1,350.00, court costs in the amount of $199.00, resulting in the total post-petition arrearage amount of $12,492.35. The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1. The Secured Creditor does not waive it's right to collect these amounts.

4. Debtor will cure the post-petition arrearage by making five (5) monthly payments in the amount of $2,082.06 each and one (1) monthly payment in the amount of $2,082.05. Cure payments begin April 1, 2026 through September 1, 2026.

5. Debtor agrees to remain current post-petition from this day forward. Beginning April 1, 2026 in the amount of $2,188.67, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to Onity Mortgage Corporation, P.O. Box 24781 / Attn: SBRP, West Palm Beach, FL 33416.

6. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9. Debtor's tendering of a check to ONITY MORTGAGE CORPORATION, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Dated: <u>March 24, 2026</u>

*/s/ Andrew Spivack*
**Andrew Spivack, Esquire**
Attorney for Movant

_____
**Robert H. Holber, Esquire**
Attorney for Debtor

No Objection

/s/ LeeAne O. Huggins   April 7, 2026
**KENNETH E WEST, Esquire**
Trustee

_____
Richard J. Capoferri

Date: 4/1/2026